UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MCINTOSH LAND COMPANY
LIMITED PARTNERSHIP,

    Plaintiff,

v.                                                    Case No.  8:03-cv-1734-T-24 TGW

FAIRFIELD FLETCHER LIMITED
PARTNERSHIP, ET AL.,

    Defendants.
_____/

## ORDER

    This cause comes before the Court on Plaintiff's Motion to Strike Affidavits filed in support of Defendants' Motion for Summary Judgment (Doc. No. 184) and Defendants' Motion For Leave to File Supplemental Affidavits in Support of Summary Judgment Motion (Doc. No. 198).  These motions are opposed (Doc. No. 188, 203).

    Plaintiff has moved to strike the affidavits filed by Defendants in support of their motion for summary judgment.  Defendants oppose the motion and have also moved for leave to file supplemental affidavits that cure the purported deficiencies in order to moot Plaintiff's motion to strike.  Plaintiff opposes Defendants' motion.

    In its motion, Plaintiff argues that the affidavits filed by Defendants in support of their motion for summary judgment should be stricken because they fail to comply with Federal Rule of Civil Procedure 56(e).  Rule 56(e) provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached

thereto or served therewith." Plaintiff objects to Defendants' affidavits because (1) the affiants state in the affidavits that the affidavits may be based in part on business records, but they fail to identify the business records or attach them to the affidavits; (2) the statements made in the affidavits are made "to the best of [each affiant's] knowledge;" and (3) many hearsay and conclusory statements are included in the affidavits.

With regards to Plaintiff's argument that affiants fail to identify the business records or attach them to the affidavits, Defendants respond that the introductory paragraph in the affidavits that indicates that the affidavit is based on personal knowledge or facts from business records is simply a standard opening paragraph typically used in commercial disputes. Furthermore, Defendants contend that the only business record actually relied on was the architect's agreement, which is identified and attached to Glenn Jones' affidavit. To moot this objection, Defendants seek leave to file amended affidavits that delete the reference to business records in all of the affidavits. While Plaintiff opposes such an amendment, the Court finds that such an amendment is appropriate.

Plaintiff also argues that the affidavits should be stricken because the introductory paragraph provides that the statements made in the affidavits are made "to the best of [each affiant's] knowledge," because such violates the requirement that affidavits be based on the affiant's personal knowledge rather than on "information and belief." Defendants point out that the introductory paragraph of each affidavit provides both that the affidavits are based on the affiant's personal knowledge and that the statements are true and correct to the best of the affiant's knowledge. To moot this objection, Defendants seek leave to file amended affidavits that replace the portion of the introductory paragraph of the affidavits that provide that the

statements contained therein are true and correct to the best of the affiant's knowledge with a statement that the statements contained therein are true. While Plaintiff opposes such an amendment, the Court finds that such an amendment is appropriate.

Plaintiff also argues that the affidavits should be stricken because many hearsay and conclusory statements are included in the affidavits. When ruling on the pending motion for summary judgment, the Court will consider only the portions of the affidavits that are not based on hearsay or unsupported conclusory allegations; however, it is not necessary for the Court to dissect each statement in each affidavit at this time to determine which statements are proper.

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's Motion to Strike Affidavits filed in support of Defendant's Motion for Summary Judgment (Doc. No. 184) is **DENIED AS MOOT**; and

(2) Defendants' Motion For Leave to File Supplemental Affidavits in Support of Summary Judgment Motion (Doc. No. 198) is **GRANTED**. Defendants are directed to file the amended affidavit of Khiet Nguyen, which was not included in the supplemental filing, by October 7, 2005.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of September, 2005.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

3